IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUCTION CREDIT ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-mc-49 |
| v. | ) |
| | ) |
| KIM LO CASTRO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Pending now before the Court is Plaintiff's MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 4). On February 11, 2010, confessed judgment was entered in favor of Plaintiff and against Defendant in the amount of $530,424.33, plus interest at 18% per annum and expenses and costs as shall continue to accrue, a copy of which was served on Defendant by hand delivery on April 7, 2010. *See* Doc. Nos. 2 and 3. On June 10, 2010, Defendant was served with a notice of deposition to be conducted on July 13, 2010. Doc. No. 4 at exhibit A. Included within the notice of deposition was a request for the production of documents at the deposition. *Id.* On July 12, 2010, counsel for Plaintiff was contacted by counsel representing Defendant's husband in an unrelated matter, the nature of which was not described in the motion to compel. The attorney for Defendant's husband advised counsel for Plaintiff that Defendant would not be attending the deposition noticed for the following day. On July 13, 2010, Defendant did, in fact, fail to appear for her deposition, and has further failed to produce any documents.

Plaintiff has moved to compel Defendant to attend and testify at deposition with production of documents pursuant to Fed.R.Civ.P. 37 as incorporated by Fed.R.Civ.P. 69(a). Rule 69(a) reads in pertinent part:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Rule 69 authorizes a judgment creditor to use the federal or state procedural process to determine whether and what kind of assets exist that might satisfy the judgment. The scope of post-judgment discovery is broad, enabling judgment creditors to seek discovery of both current assets and past financial transactions that could lead to the existence of fraudulently concealed or fraudulently conveyed assets. *See, e.g.*, Wright & Miller, Federal Practice and Procedure: Civil § 3014 (West 1973).

The limitations upon post-judgment discovery are those established by Rule 26(b). A judgment creditor "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Under the Rules, "relevance" is to be construed liberally, but not without boundaries. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52, 98 S. Ct. 2380 (1978). There appears to be no justifiable reason why Defendant failed to appear for her deposition.[1]

---

[1] The Court notes that a virtually identical action between Plaintiff and Vincent LoCastro, Defendant's husband, was initiated at the same time as the matter *sub judice* in this Court at miscellaneous action number 2:10-mc-48. That action apparently involves the same confessed judgement, a notice of deposition for Vincent LoCastro that was delivered on the same day as the one herein, and the same phone call from the attorney for Vincent LoCastro indicating that his client would not be appearing for the deposition. *See* Doc. No. 4 at 2:10-mc-48, *Auction Credit Enterprises v. Vincent LoCastro*. Similarly, Plaintiff filed a motion to compel seeking an order for Vincent LoCastro to appear and respond to the notice of deposition, and also seeking sanctions. *Id.* On July 30, 2010, that motion was granted in part and denied in part. *Id.* at Doc. No. 6, 2010 WL 3039180 (slip copy). There are two distinctions between the posture of Vincent LoCastro in that matter and Defendant here. Vincent LoCastro was represented by the attorney who contacted counsel for Plaintiff, while Defendant is not. Further, Vincent LoCastro's attorney indicated that if his client was ordered to appear, that he would most likely be invoking his right not to incriminate himself under the Fifth Amendment. *Id.* No such rationale has been provided to Plaintiff on behalf of Defendant in this action to justify Defendant's failure to appear.

AND NOW, this 10th day of August, 2010, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that Plaintiff's MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 4), is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's motion is **GRANTED** to the extent that Defendant is hereby ordered to appear and to submit to examination by oral deposition in aid of execution, as well as to produce those documents previously identified with the notice of deposition, no later than <u>August 24, 2010</u>.

Plaintiff's motion, to the extent it seeks sanctions, is **DENIED** without prejudice. Failure to comply with this Order may result in the imposition of sanctions.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
For Plaintiff: Elene M. Moran, Esquire
Email: emoran@thorpreed.com
Kerri L. Coriston, Esquire
kcoriston@thorpreed.com

Defendant: Kim Lo Castro
102 Standing Rock Drive
McMurray, PA 15317

Courtesy copy to:

John A. Schwab, Esquire
jas@pietragallo.com